IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| PAMELA DELOIS YOUNG | § | |
| --- | --- | --- |
| Plaintiff, | § | |
| VS. | § | NO. 3-08-CV-0300-P |
| CITY OF DALLAS, ET AL. | § | |
| Defendants. | § | |

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil rights action brought by Pamela Delois Young against the City of Dallas, various City employees, and the purported owners of certain real property located at 8617 Honeysuckle Lane, Dallas, Texas (the "Honeysuckle Property"). On February 20, 2008, plaintiff tendered a complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in her pauper's affidavit indicates that she lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. Written interrogatories then were sent to plaintiff in order to obtain additional information about her claims and the identity of potential defendants. Although plaintiff answered the interrogatories, the information and documents she provided did not enable the magistrate judge to effectively screen her complaint. On April 24, 2008, the court held an

evidentiary hearing to investigate the factual basis of the complaint in more detail. Plaintiff and her cousin, Rashawn Chambers, appeared at the hearing and testified under oath regarding the claims made the basis of this suit. The court now determines that this case should be summarily dismissed.

II.

As best the court can decipher, plaintiff alleges that the City and its employees engaged in a 40-year conspiracy with three private citizens, Sam A. Stephens, Nelson A. Farry, and J.A. Farry, to deprive her of ownership of the Honeysuckle Property. Plaintiff first learned about her potential ownership interest in April 2007, when she received notice of a public hearing in Dallas municipal court for the purpose of determining whether a vacant house situated on the property violated Chapter 27 of the Dallas City Code.[1] At first, plaintiff denied that she owned the Honeysuckle Property. However, subsequent investigation by plaintiff revealed that the property once was owned by her father, Aaron Young, Sr., who passed away in 1979. Since that time, plaintiff believes that Stephens and the Farrys have held themselves out as owners of the property and occupied the land without permission. Plaintiff alleges that the City and its employees, including various City attorneys and code inspectors, willfully encouraged Stephens and the Farrys to claim illegal ownership of the Honeysuckle Property, thus depriving plaintiff of her legal entitlement to the property. (*See* Plf. Compl. at 1, ¶ 4; Mag. J. Interrog. #1(b)).

Now that plaintiff admits ownership of the Honeysuckle Property, she is responsible for repairing the vacant structure situated thereon so that it complies with the Dallas City Code. Among the Code violations alleged by the City are:

> 1. The exterior surfaces of the structure are subject to decay in violation of Section 27-11(b)(1);

---

[1] Chapter 27 of the Dallas City Code establishes "minimum urban rehabilitation standards" applicable to residential and non-residential structures in the City of Dallas.

> 2. Railings for stairs, steps, balconies, porches and elsewhere are not provided and maintained as specified in the Dallas Building Code in violation of Section 27-11(b)(3);
>
> 3. There are holes, cracks and other defects capable of causing injury to a person in stairs, porches, steps, and balconies in violation of Section 27-11(b)(4);
>
> 4. The structure is not in a weather-tight and water-tight condition in violation of Section 27-11(b)(5);
>
> 5. The floors, walls, ceilings and all supporting structural members are not in a sound condition capable of bearing imposed loads in violation of Section 27-11(b)(6); and
>
> 6. The structure contains holes, cracks, breaks, and loose surface materials in or on the floors, walls, and ceilings that are health or safety hazards in violation of Section 27-11(b)(9).

(Mag. J. Interrog. #3, Attach., Pet. & Not. of Pub. Hrg., 8/21/06). In August 2007, plaintiff entered into an agreed order with the City to repair the structure within 90 days. However, those repairs were not made. On February 13, 2008, the municipal court issued an order authorizing the City to demolish the structure. (*See id.*, Attach., Order, 2/13/08). Plaintiff testified that she timely filed a "notice of appeal" with the Dallas County district clerk, but was told by the clerk that she should file a lawsuit instead. Following that instruction, plaintiff filed this suit in federal district court. In her complaint, plaintiff seeks unspecified money damages and an injunction preventing enforcement of the demolition order.

A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

> (1) is frivolous or malicious;
>
> (2) fails to state a claim upon which relief can be granted; or

(3) seeks money relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). In order to state a claim upon which relief can be granted, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, ___ U.S. ___, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). While a complaint does not need detailed factual allegations, the plaintiff must allege more than "labels," "conclusions," and "formulaic recitation[s] of the elements of a cause of action[.]" *See Twombly*, 127 S.Ct. at 1964-65. "Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Id.* at 1965. The court must accept all well-pleaded facts as true and view the allegations in the light most favorable to the plaintiff. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).

B.

Plaintiff alleges that the City of Dallas and its employees conspired with Sam A. Stephens, Nelson A. Farry, and J.A. Farry to deprive her of ownership of the Honeysuckle Property. The elements of a conspiracy are: (1) two or more persons; (2) an objective to be accomplished; (3) a meeting of the minds on the objective; (4) one or more overt acts; and (5) damages as a proximate result of the conduct. *See Murray v. Earle*, 405 F.3d 278, 293 (5th Cir.), *cert. denied*, 126 S.Ct. 749 (2005). A plaintiff asserting such a claim must prove that the defendants conspired to accomplish an unlawful purpose or used unlawful means to accomplish a lawful purpose. *Id.*

At the evidentiary hearing, plaintiff conceded that she knew of no evidence that the City or any of its employees agreed with Stephens and the Farrys to deprive her of legal entitlement to the Honeysuckle Property. Nor was plaintiff able to point to any overt act committed by a defendant in furtherance of the alleged conspiracy. Rather, plaintiff testified that she suspected the defendants

of engaging in a conspiracy because a deed showing that her father owned the property was filed of record and the property was once listed as Section 8 housing. However, there is no allegation, much less proof, that the City conspired with anyone to withhold the deed or the Section 8 listing from plaintiff. This claim should be summarily dismissed. *See Wilson v. Budney*, 976 F.2d 957, 958 (5th Cir. 1992) (conclusory allegations of civil rights conspiracy are subject to summary dismissal under 28 U.S.C. § 1915).

C.

To the extent plaintiff attempts to challenge the demolition order issued by the Dallas municipal court, her claim is barred by the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine provides that "federal district courts, as courts of original jurisdiction, lack appellate jurisdiction to review, modify, or nullify final orders of state courts." *Mosley v. Bowie County*, No. 07-40453, 2008 WL 1805514 at *2 (5th Cir. Apr. 22, 2008), *quoting Weekly v. Morrow*, 204 F.3d 613, 615 (5th Cir. 2000). The doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.*, *quoting Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 1521-22, 161 L.Ed.2d 454 (2005).

In her complaint, plaintiff alleges that the municipal court proceedings "were in direct violation of various Constitutional rights and guarantees" and that she did not receive proper notice of court hearings. (*See* Plf. Compl. at 2, ¶¶ 6 & 14-15). This clearly is a collateral attack on the validity of the municipal court proceeding and the resulting demolition order. Because plaintiff "invite[s] district court review and rejection" of a final state court decision, her claims are barred by the *Rooker-Feldman* doctrine. *See Thomas v. 5445 Edgewater Plaza Condominium Assoc.*, 210 F.3d

376 (Table), 2000 WL 279666 at *2 (7th Cir. Mar. 13, 2000) (holding that *Rooker-Feldman* barred federal civil rights claim based on failure to give proper notice in state forcible detainer action).[2]

### RECOMMENDATION

Plaintiff's complaint should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 29, 2008.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

---

[2] To the extent plaintiff attempts to assert a claim under the "takings clause" of the Fifth Amendment, that claim is not ripe because the structure situated on the Honeysuckle Property has not yet been demolished. Moreover, there has been no "taking" of plaintiff's property. If the structure is demolished by the City, it is only because plaintiff has failed to make the repairs required by the Dallas City Code.